AMERICAN NAT. INS. CO. v. BRIGGS.

(Court of Civil Appeals of Texas. Dallas. May 3, 1913. Rehearing Denied May 17, 1913.)

1. APPEAL AND ERROR (§ 285*)—MOTION FOR NEW TRIAL — NECESSITY — "FUNDAMENTAL ERROR."

Where, in an action on a life policy, the court sustained a general demurrer to defendant's sole defense of fraud, which was equivalent to holding that the answer presented no defense to the policy, error, if any, in such ruling was fundamental within district court rule 71a (145 S. W. vii), providing that a motion for a new trial shall be filed in all cases where parties desire to appeal or sue out writs of error, unless the error complained of is fundamental.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1684–1690; Dec. Dig. § 285.*

For other definitions, see Words and Phrases, vol. 4, p. 3006.]

2. INSURANCE (§ 400*)—LIFE POLICY—INCONTESTABILITY POLICY—PUBLIC POLICY—FRAUD.

A clause in a life policy that it shall be incontestable for any cause after one year, though construed to bar a defense of fraud in obtaining the policy, is not contrary to public policy as tending to promote fraud in view of the facilities of the insurer for discovering the fraud within the time specified.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1086; Dec. Dig. § 400.*]

3. INSURANCE (§ 400*)—LIFE POLICY—PREMIUM PAYMENT DURING INSURABILITY—INCONTESTABILITY CLAUSE.

A life policy provided that it should not take effect until the first premium had been paid during insurability of insured, and also that the contract should be incontestable for any cause whatever after one year from the date of issue, provided premiums were duly paid. Held, that the incontestability clause included the clause providing that the policy should not take effect until the first premium had been paid during insurability; and hence where the premiums had been properly paid, and insured did not die during the year, and no proceedings were taken to cancel the policy for fraud, it was no defense to an action thereon thereafter that the policy was based on the fraudulent application, and that insured had not been insurable at any time.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1086; Dec. Dig. § 400.*]

Appeal from District Court, Limestone County; H. B. Daviss, Judge.

Action by S. S. Briggs against the American National Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Kleberg & Neethe, of Galveston, and Kennedy & Blackmon, of Groesbeck, for appellant. C. S. Bradley and Bradley & Herring, all of Groesbeck, and W. A. Keeling, of Austin, for appellee.

RASBURY, J. Appellee sued in the court below on a life insurance policy, issued by appellant October 12, 1910, to Angie Olive Briggs, by which appellant agreed to pay Simeon Singleton Briggs, her husband, $2,000 upon the death of the insured. Upon trial without jury judgment was for appellee for $2,540, with interest, the judgment including

the statutory penalties and attorney's fees provided for in case of failure to pay the amount of the policy within 30 days after demand. Article 4746, R. S. 1911. Appellee alleged in his petition that his wife, the insured, died November 30, 1911, and that demand for payment of the amount of the policy had been made and refused. The petition also alleged that the policy by its terms was incontestable for any cause whatever after one year from the date of issue, provided premiums were fully paid; further, that the policy had been in force more than a year and that all premiums thereon had been paid. Appellant answered by the general denial and specially, in substance, that the insured had all her life been a weak and delicate person and had been, during each year of her life, under the almost constant care of a physician and for five years prior to her death had been afflicted with consumption, a fact known and admitted by her and her family; that reputable physicians had advised her that she had consumption prior to her application for the policy of insurance sued upon, and that she was under treatment by physicians for said disease at the date of her application for said policy; that said disease was hereditary in her family, her grandmother and an aunt having died therewith, which fact was also known to the insured; that the insured falsely and fraudulently misrepresented and concealed from appellant the facts as to her physical condition, and by her answers and representations made at the time of her medical examination, and otherwise, induced appellant to believe that she was an insurable risk for the purpose of defrauding appellant; that by the policy sued upon the representations made by the insured in relation to her health were material warranties, and the policy would not have been issued had appellant been aware of their falsity; that because of said misrepresentations, and because the policy provided by its terms that appellant should not be liable until after the payment of one premium during insurability, no recovery could be had, etc. Appellee replied to the answer of appellant by general and special demurrer and other pleas not important to this appeal. The special demurrer was sustained by the court, although the judgment of the court in that respect is somewhat confusing since the decree alternately refers to the demurrers, the exception, and the exception and demurrer, but counsel in their briefs treat the judgment as referring to the special exception, and we shall do so. By sustaining the special exception all matter of defense pleaded by appellant was stricken out except the general denial. Upon trial of the case the policy of insurance set out in the pleadings was established, and it was shown that all premiums thereon had been paid. The death of the insured and demand for payment of the

policy, and a refusal to do so within 30 days after demand, was also shown, as well as the reasonableness of the attorney's fees sought to be recovered, the penalties resulting as matter of course and requiring no further proof. Appellant offered to prove in detail all the facts pleaded as constituting its defense to a recovery, but the court excluded same in accordance with his action upon the demurrer already set out.

[1] The first and preliminary question presented on this appeal is an objection by appellee to a consideration of any of the errors assigned, on the ground that appellant did not file a motion for new trial in the court below. Before the trial of this case the Supreme Court had adopted rule 71a for the district courts (145 S. W. vii), which provides that motions for new trials shall be filed in all cases where parties desire to appeal or sue out writs of error, unless the error complained of is fundamental, etc. We think the error complained of in this cause, if error at all, is fundamental, as defined in Astin v. Mosteller, 152 S. W. 495. As said in that case we regard the special demurrer sustained by the court below in this case as nothing more, in effect, than a general demurrer, and the action of the court in sustaining it was equivalent to holding that appellant's answer presented no ground of defense to the policy of insurance sued upon. That being true, the action of the court should be reviewed, since the sustaining of a general demurrer disposes of the cause of action itself, and it follows that if improperly sustained, it would be fundamental error, and, being fundamental error, comes without the requirement of rule 71a. Of course, if rule 71a of the district courts is inapplicable where the error is fundamental, it follows that so much of rule 24 of the Courts of Civil Appeals (142 S. W. xii) as requires assigned errors to be distinctly set forth in a motion for new trial in the court below is also inapplicable.

We come then to the merits of the appeal. All the assignments of error and the propositions asserted thereunder in one form or another challenge the action of the court below in sustaining the demurrer by which the defenses pleaded by appellant were stricken from the answer and in excluding the testimony to sustain the allegations of fact so eliminated. And the correctness of such action depends upon the construction to be placed upon two provisions of the policy, one in the application for the policy and the other in the policy itself, each, however, a part of the policy since the application is by the terms of the policy made a part of the contract of insurance. By the provision in the application the insured agrees "that any policy issued hereon shall not take effect until the first premium has been paid during my insurability." By the policy it is provided: "This policy and the application therefor shall constitute the entire contract between

the insured and the company and shall be incontestable for any cause whatever after one year from the date of issue provided premiums are duly paid." As stated, the policy had been in force more than a year at the death of the insured, and all premiums had been paid. The right to include in policies of life insurance a clause rendering such policies incontestable after a fixed period as an inducement to the insured to make the contract and its binding force as a contract is not and cannot be disputed, and it is the general rule that such a provision precludes any defense after the expiration of the stipulated period on account of statements warranted to be true, but which in point of fact were untrue and fraudulently made. Franklin Ins. Co. v. Villeneuve, 25 Tex. Civ. App. 356, 60 S. W. 1014; s. c., 29 Tex. Civ. App. 128, 68 S. W. 206; 25 Cyc. 873.

[2] But appellant contends that fraud vitiates all that it touches, and that it is opposed to public policy to enforce contracts conceived and born in fraud. Appellee's fraud may be conceded in the instant case, but the rule as stated by counsel may not be. On the contrary, it is well settled that the incontestable provision excludes any defense based upon the fraud of the insured after the expiration of the stipulated period; nor is such provision contrary to public policy as authorizing and promoting fraud, since "it recognizes the right of the insurer, predicated upon a vast experience and profound knowledge in such matters, to agree that in a stipulated time, fixed by himself, he can unearth and drag to light any fraud committed by the insured and protect himself from the consequences."

[3] It is a reasonable stipulation, operating in favor of both the contracting parties, and is calculated to induce diligence on the part of the insurer in examining into the truth or falsity of the statements made in the application and at the same time affords a reasonable period for such investigation. The benefits to the insured are obvious, since it assures him of the permanency of his investment, dependent wholly, after the expiration of the stipulated period, upon the prompt payment of his premiums. Citizens' Life Ins. Co. v. McClure, 138 Ky. 138, 127 S. W. 749, 27 L. R. A. (N. S.) 1026.

Counsel for appellant, however, further contends that the provision that the policy shall be incontestable for any cause whatever, if it continue in force one year from its date, does not include exemption from liability under the provision in the application that the policy shall not take effect "until the first premium has been paid during my insurability," the claim being that the incontestable clause does not mean that appellant shall be liable in case appellee possessed no "insurability" at the time the policy was issued. If, as contended by counsel, the mean-

ing to be attached to said clause is that Mrs. Briggs should have been in the condition of health her application in fact represented her to be, otherwise there would be no liability, we are nevertheless of the opinion that it also must fall before the incontestable clause, after the expiration of the year. The precise point has been decided by the Third Court of Civil Appeals in Mutual Reserve Fund Life Ass'n v. Payne, 32 S. W. 1063. The policy involved in that controversy contained an express provision against liability in case of suicide by the insured (as does also the policy in the instant case), and also contained the incontestable provision. The insured suicided. Among other defenses urged in a suit upon the policy was that fact. In disposing of the question the court say: "If the death had occurred * * * before the expiration of five years" (the stipulated period, after the expiration of which the policy should become incontestable), "the fact that the assured died by his own hand would have been a good defense to the action; but, having occurred after five years from the date of the policy, it was no longer a cause upon which a defense to the action could be maintained."

So, in the instant case, had the insured died before the expiration of one year after the issuance of the policy, all the defenses urged would have been available to the appellant. But after that period it occurs to us there was but one defense to the payment of the money, and that the failure of the insured to pay the premium. The agreement by appellant was that it would not contest the policy for "any cause whatever," and any other construction of the clause than that which we have placed thereon would be to strike from the policy one of the vital inducements to the acceptance of the same and the payment of the premiums thereon. While we are unable to see any conflict between the incontestable clause and the clause relating to insurability, yet if it be conceded that they are at cross-purposes, nevertheless the latter must yield under the well-settled rule that in case of doubt, ambiguity, or conflict in the stipulations of insurance policies that construction will be adopted that will preserve to the insured all the benefits comprehended by the policy.

We conclude there was no error in the judgment of the court below, and it is affirmed.