M. L. PATTON V. THE AMERICAN HOME MUTUAL LIFE INSURANCE COMPANY.

No. A-384. Decided February 7, 1945.
Rehearing overruled March 7, 1945.
(185 S. W., 2d Series, 420.)

374

*Clifford Craig,* of Dallas, for petitioner.

Even though an insurance company has given notice to the beneficiary of a life insurance policy that it intends to rescind said policy and tender back the premiums paid but does not bring suit to do so within two years after the issuance of the policy, such defense was not set up until after the two year period. American Natl. Ins. Co. v. Welsh, 22 S. W. (2d) 1063; Trevino v. American Natl. Ins. Co., 140 Texas 500, 168 S. W. (2d) 656; Reliable Life Co. v. Wyatt, 154 S. W. (2d) 288.

*Hassell & Hassell,* of Dallas, for respondents.

It being a proviso in said policy that the policy was not to become effect until delivered to the insured while in good health, and that at the time of its delivery he was suffering from the disease from which he afterwards died; and that the statements as to his health made in the application for the policy were found to be untrue, and insured having contracted that in such case the policy might be rescinded, he and his beneficiary were estopped from asserting the invalidity of his agreement for rescission. Hooks v. Bridgewater, 111 Texas 122, 229 S. W. 1114, 15 A. L. R. 216; Texas Company v. Burkett, 117 Texas 16, 296 S. W. 273; 54 A. L. R. 1397; American Natl. Ins. Co. v. Tabor, 230 S. W. 397.

MR. JUDGE SLATTON, of the Commission of Appeals, delivered the opinion of the Court.

This is a suit on a life insurance policy issued August 2, 1941. The insured died January 26, 1943. Suit was filed on the 31st day of August, 1943. The insurance company answered the suit on the 11th day of November, 1943. The insurance company filed an amended answer on the 29th day of February, 1944, in which it sought to avoid the policy on account of fraud on the part of the insured in procuring the policy. The trial court sustained special demurrers to the answers of the insurance company setting up the defense of fraud. On a trial before the court judgment was rendered in favor of the beneficiary against the insurance company for the amount of the policy, penalty and reasonable attorney's fees. The insurance company appealed to the Court of Civil Appeals at Dallas. The judgment of the trial court was affirmed. On motion for rehearing the judgment of the trial court was reversed and judgment was rendered in favor of the insurance company. A writ of error was granted to the beneficiary.

The insurance company contends that under Article 5049 of Vernon's Annotated Civil Statutes its pleaded defense of fraud

to the procurement of policy was good notwithstanding the same was presented in court more than two years after the date of the policy; and that since under the stitpulation of facts the insured practiced a palpable fraud upon the insurance company in procuring the policy and as soon as the insurance company learned of such fraud it notified the beneficiary of its intention to rescind and tendered a return of all premiums collected. The defense of fraud was good notwithstanding the existence of an incontestable clause contained in the policy which is required by Section 3 of Article 4732, Vernon's Annotated Civil Statutes.

The petitioner contends that under the incontestable clause contained in the policy as required by Section 3 of Article 4732, the insurance company cannot assert its defense of fraud in procuring the policy because such defense was not made in court within two years of the date of the policy. The pertinent part of the statute of Article 5049 reads as follows:

"* * * provided, further, that no defense based upon misrepresentation made in the application for, or in obtaining or securing, and contract of insurance upon the life of any person being or residing in this state shall be valid or enforceable in any suit brought upon such contract two years or more after the date of its issuance, when premiums due on such contract for the said term of two years have been paid to, and received by, the company issuing such contract, without notice to the assured by the company so issuing such contract of its intention to rescind the same on account of misrepresentation so made, unless it shall be shown on the trial that such misrepresentation was material to the risk and intentionally made."

The applicable provision of Article 4732 is Section 3 and reads as follows:

"That the policy, or policy and application, shall constitute the entire contract between the parties and shall be incontestable not later than two years from its date, except for non-payment of premiums; and which provision may or may not, at the option of the company, contain an exception for violations of the conditions of the policy relating to naval and military services in time of war."

■■ It was definitely held in the case of Guaranty Life Insurance Company v. Evert, 178 S. W. 643, local citation, 648 (writ refused), that Article 5049 had no application to life insurance policies issued after December 31, 1909, but only applied to policies issued prior to said date. This holding was again re-

viewed in the case of American National Insurance Company v. Welsh, 22 S. W. (2d) 1063, and it was there pointed out after giving the legislative history of Articles 4732 and 5049 that Article 5049 had no application to policies issued after December 31, 1909, and that Article 4732 had controlling effect on all policies issued after said date, and the defense of fraud in procuring a policy was precluded by the incontestable clause contained in the policy which is required by Section 3 of Article 4732 if not presented in court within the time specified in the policy not exceeding two years under the statute. It was noted in the Welsh case that since such statutes had been reenacted by the Legislature, after the statutes had been construed by the courts, it is to be presumed that the Legislature intended the statutes to operate within their respective fields and as interpreted by the courts in the opinions there mentioned.

It may now be noted that many sessions of the Legislature have convened and adjourned without having made any substantial changes either in the statutes or their fields of operation.

In the case of American National Insurance Co. v. Briggs, 156 S. W. 909 (writ refused) the general rule was stated to be:

"* * * that such a provision (incontestable clause) precludes any defense after the expiration of the stipulated period on account of statements warranted to be true, but which in point of fact were untrue and fraudulently made."

The Court further observed:

"* * * It is a reasonable stipulation, operating in favor of both the contracting parties, and is calculated to induce diligence on the part of the insurer in examining into the truth or falsity of the statements made in the application and at the same time affords a reasonable period for such investigation. The benefits to the insured are obvious, since it assures him of the permanency of his investment, dependent wholly, after the expiration of the stipulated period, upon the prompt payment of his premiums."

■ According to the stipulated facts the insured practiced a palpable fraud on the company in procuring the policy. The insured received actual knowledge of the fraud in February, 1943. It notified the beneficiary on the 30th day of March, 1943, of its election to rescind the contract and offered to return all premiums collected. The insurer not only had two years in

which to learn of the fraud, but actually had notice thereof within two years and within ample time to protect its rights before the expiration of the stipulated period of two years. This court, in the case of Trevino v. American National Insurance Company, 140 Texas 500, 168 S. W. (2d) 656, 659, speaking of the incontestable clause contained in a policy of life insurance say:

"The words 'contested' and 'incontestable' (as used in the policy and section 3 of article 4732) contemplates and intends to require the institution within the specified period of a proceeding in court to cancel the policy on account of original invalidity or the filing within that period in a suit brought on the policy, of an answer setting up a ground of original invalidity to defeat recovery."

■ It is our opinion that insurer's defense of fraud was not authorized by Article 5049 and that such a defense was precluded by the incontestable clause of the policy for the reason that the same was not presented in court within the stipulated period of two years. The present case is ruled by the Welsh case.

The Court of Civil Appeals erred in reversing the judgment of the trial court and in rendering judgment in favor of the insurance company. Accordingly the judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

Opinion adopted by the Supreme Court February 7, 1945.

Rehearing overruled March 7, 1945.