McCANN v. NATIONAL LIFE & ACCI-
DENT INS. CO.

No. 6460.

Court of Civil Appeals of Texas.   Texarkana.
Nov. 10, 1949.

Rehearing Denied Dec. 8, 1949.

Ben Goodwin, Tyler, Chaney & Davenport, Dallas, for appellant.

Pollard, Lawrence, Reeves & Jarrel, Tyler, for appellee.

LINCOLN, Justice.

This suit was for $5,000.00 alleged to be due the appellant as beneficiary under a policy of life insurance issued by appellee on the life of Herman E. McCann, her husband, dated August 21, 1945. The insured died on March 31, 1946. Upon a trial before the court on an agreed statement of facts judgment was rendered for appellant for $201.50. This was admittedly the amount of legal reserve accumulated as a result of premium payments made by the deceased, which amount had been tendered in court. The policy contained the following provision: "This policy * * will be incontestable two years from its date of issuance except for nonpayment of premiums."

Attached to and made a part of the policy, bearing the same date and issued at the same time was the following rider: "Death resulting directly or indirectly from the insured's travel or flight in or about any kind of aircraft, as a passenger or otherwise, except as a fare-paying passenger of an incorporated common carrier traveling in an aircraft licensed for passenger service and operated by a licensed pilot on a regular passenger route between definitely established airports, is not a coverage included in this policy and the insuring clause as stated on page one hereof is amended accordingly; in event of the insured's dying in the aforementioned manner the payment of the legal reserve hereunder, less any indebtedness to the company for which this policy is security, shall terminate the contract and fully discharge the company's liability."

The agreed statement of facts sets forth the insured died in an aircraft accident, the facts concerning which are fully set out in the stipulation, and which facts bring his death clearly within the exception shown in the foregoing rider. It was further agreed that at the time of the death of the insured the policy was in full force and benefit according to its terms; that proof of loss was duly made; that the appellee accepted liability for $201.50, that said amount had been tendered to appellant and was tendered into court, and that said sum of $201.50 is the correct legal reserve under the policy.

The appellant asserts error in the judgment of the trial court on the point that there is a conflict between the two policy provisions above quoted, that by reason thereof an ambiguity exists and under decisions the policy should be construed most strongly in favor of the insured and of appellant, the beneficiary under the policy. But consideration of applicable statutory provisions and decisions under them, has brought us to the conclusion that there is no conflict in the two policy provisions above quoted.

In 1909 the legislature passed a comprehensive Act affecting life insurance companies and policies of insurance issued by them. General Laws 1909, Ch. 108, p. 192. Sec. 22 of that Act set forth numerous provisions which every policy of life insurance issued in Texas must contain. One of the provisions which must be carried as a term in every such policy was contained in Subd. 3 thereof, and was as follows: "A provision that the policy or policy and application shall constitute the entire contract between the parties and shall be incontestable not later than two years from its date, except for non-payment of premiums, and which provision may or may not at the option of the company contain an exception for violations of the conditions of the policy relating to naval and military services in time of war."

The foregoing provision has been reenacted in all revisions of the statutes since that time and is now found in Subd. 3 of Art. 4732, R.S. of Tex. Vernon's Ann.Civ. St. art. 4732, subd. 3.

By Sec. 23 of said Act life insurance companies were prohibited from issuing a policy containing certain provisions. One of the terms which was forbidden from being written into a life policy was set forth in Subd. 3 of said Sec. 23, and was as follows: "A provision for any mode of settlement at maturity of less value than the

amounts insured on the face of the policy, plus dividend additions if any, less any indebtedness to the company on the policy, and less any premium that may by the terms of the policy be deducted; provided, that any company may issue a policy promising a benefit less than the full benefit in case of the death of the insured by his own hand while sane or insane or by following stated hazardous occupations. This provision shall not apply to purely accident and health policies. None of the foregoing provisions relating to policy forms shall apply to policies issued in lieu of or in exchange for any other policy issued before July 10, 1909."

The last mentioned provision has been re-enacted in all revisions of the statutes since 1909, and was carried as Subd. 3 of Art. 4733 in the revision of 1925. In 1941, said Subd. 3 was amended by the addition of the following exception: " * * * or in the event the death of the insured should result from aviation activities under the conditions specified in the policy * * *"

In other words, by the amendment of 1941 the legislature provided that less benefits than the full amount insured for may be promised in case of death by suicide while sane or insane, or by following stated hazardous occupations, "or in the event the death of the insured should result from aviation activities under the conditions specified in the policy.

■ The briefs in this case have not cited us to any Texas decisions under the provision respecting aircraft travel where death resulted in violation of such term in a policy as is here involved. However, decisions construing these statutes and policy provisions under them as they existed prior to the amendment of 1941 have aided us to what we believe is a correct solution of the question. It has been repeatedly held in this state, and with practical unanimity, that a contest of liability for fraud or misrepresentation on the part of the insured must be brought within the period of contestability provided in the policy; and if none is provided then such contest must be brought within two years. After that time the right of contest on such ground ceases. 24 Tex. Jur. p. 944. But appellee urges this

is not a contest of liability, that it is not trying to strike down the policy, it is standing upon the terms of the policy itself, and seeking to enforce the policy as written.

■■ A policy of life insurance must be construed so as to give effect to the intentions of the parties as expressed therein. In doing so it must be examined from its four corners. Every part and paragraph must stand as written unless the policy or some part of it is in violation of statute, or is meaningless, or creates an ambiguity. It is not possible to put every term and provision of a policy in one sentence or paragraph. The statutes to which we have referred contain many different provisions, and they are separated into sections and subdivisions of sections; yet they must all be construed so as to give effect to the legislative intent, if possible. With these general principles in mind let us examine a few of the decisions.

In Field v. Western Life Indemnity Co., Tex.Civ.App., 227 S.W. 530, in which error was refused by the Supreme Court, there was a provision in the policy that if the insured engage in military or naval service in time of war without consent of the insurance company the liability under the policy would be limited to the amount of premiums paid. It will be observed that the exception relating to military or naval service is a part of the incontestable clause, under Art. 4732. However, in the Field case the exception as to military service was not carried in the incontestable clause of the policy, but was contained in another and different numbered paragraph. Notwithstanding that, the court held that the exception was a binding provision of the policy and that the insurance company was not liable for a greater amount than the premiums paid. In the case of First Texas State Insurance Company v. Smalley, 111 Tex. 68, 228 S.W. 550, we find the insurance company attempted to limit its liability to a less amount than the face of the policy by a stipulation relating to disease contracted during the first twelve months of the policy. Justice Greenwood made a splendid analysis of the reasons for the legislative enactment of 1909, and holds that the company

issuing the policy is restricted by the laws of Texas to the exceptions of full liability; that whatever exception is authorized by law is a valid provision in the policy, but the insurance company is inhibited from stipulating exceptions not so authorized; and the exception there involved was not upheld. In the case of Amicable Life Ins. Co. v. O'Reilly, Tex.Civ.App., 97 S.W. 246, an exception in the policy for death caused directly or indirectly by duty on a police force of an organized police department was upheld. No such exception is contained in the statute. However, the suit in that case was not upon the life provision of the policy but upon the double indemnity provision only. It was in effect a suit upon a policy of accident insurance and the limitations prescribed in Sec. 3, Art. 4733, specifically provide that the provisions named therein shall not apply to purely accident and health policies.

In Southwestern Life Ins. Co. v. Houston, Tex.Civ.App., 121 S.W.2d 619, 625 (writ of error refused), the policy provided that it was incontestable after one year, and then carried the further provision that if the insured shall die by self-destruction while sane or insane within two years from date thereof, the amount payable under the policy shall be the sum actually received for premiums and no more. The insured committed suicide more than one year but less than two years after date of the policy. The trial court in that case filed his conclusions to the effect that the suicide clause of the policy and the incontestable clause were in conflict, thereby creating an ambiguity in the terms of the policy, that the incontestability clause did not except suicide from its provisions and that therefore the policy should be construed most strongly in favor of the insured, and judgment as rendered for the plaintiff. (Appellant makes the same argument in the present case.) Justice Speer wrote an exhaustive and well considered opinion in that case in which he held that there is no conflict between the incontestable clause and the suicide clause, and that no ambiguity exists. He states that the two statutory provisions referred to in Arts. 4732 and 4733 are separate and distinct, that each is for a pur-

pose wholly independent of the other and that the policy must be considered as a whole, giving effect to all of its provisions if this can be done without doing violence to the manner in which the parties have expressed their intentions and without infringing upon well settled rules of construction. We find the following pertinent expressions in that opinion: "A contract by which a company agrees to insure the life of a person, as a rule and as in this case, sets out on the first page a general statement that it will pay the beneficiary so much at the death of the insured, subject to the further conditions and provisions of the contract. So long as those further provisions and conditions do not infringe the laws of the state made and provided for such contracts, exceptions and conditions may subsequently be contained in the further provisions of the obligation. Under such conditions it is impossible that all matters affecting liability can be spoken in a word, line or even a paragraph; but the very fact that the contract so states in connection with the general promise to pay, is notice to the insured that all the subsequent conditions are to become a part of the contract and is notice to him that they are such. Hence, the often announced rule of construction that the instrument as a whole must be considered together. No lengthy contract could be intelligently written without breaking it up into paragraphs; each paragraph and clause becomes a part of the whole, and must be considered. To ascertain the meaning of a contract, as an expression of the intentions of the parties, each provision must be accorded its reasonable, natural and probable meaning, when considered in relation to the whole. We cannot seek to find some technical basis for finding an ambiguity when a reasonable interpretation will permit all to prevail."

In the case of Hatch v. Turner, 145 Tex. 17, 193 S.W.2d 668, 669, the Supreme Court had before it a state of facts more nearly similar to the facts of this case than any Texas case to which we have been referred. The policy of insurance did not contain the incontestable clause but Justice Brewster of the Supreme Court states that that is wholly immaterial because the statute makes

the clause a part of the policy whether written therein or not. The policy did, however, carry a provision limiting the amount recoverable for death to the sum of the premiums paid thereon or to the face amount of the insurance, whichever may be the less, "in the event that death occurs from any cause while the insured is engaged in service in the air forces of any country at war or within six months after the termination of such service." The policy appears to have been dated May 7, 1941, and the insured died on December 10, 1941, two days after the United States declared war on Japan. He was a lieutenant in the United States Air Forces and was killed in an airplane accident while on observation duty. The statutes referred to authorized an exception of the kind contained in the policy and by reason thereof the beneficiary was limited in recovery to the amount of premiums paid. The decision is grounded in part upon the Field case, supra, which is quoted with approval.

■■ Thus we find that our courts of civil appeals and the Supreme Court have all held that where the policy contains an exception or limitation of full liability by reason of suicide or by reason of naval or military service the provisions are valid and binding, entirely because the statutory enactments referred to authorize such provisions to be incorporated in the policy. A defense based upon such exception is not a contest within the purview of the incontestable provision of Art. 4732, but such defense, being based upon valid statutory enactments, must be allowed as an effort to carry out the terms of the policy as written. Any provision limiting liability to less than the full amount of the policy for other reasons than those specified in the statute is not allowable as a valid defense. See also Texas Prudential Ins. Co. v. Wiley, Tex.Civ.App., 80 S.W.2d 1024.

■ If the exception under the suicide clause in a policy, and the exception for military and naval duty in a policy are valid and binding because they are authorized by statute, then there can be no reason why the amendment of 1941, relating to aircraft travel, should not receive the same

construction, where the limitation of liability for death caused from such risk is incorporated in the policy. When the legislature added the proviso of 1941 to Subd. 3 of Art. 4733, it must be presumed that it did so with the intention and understanding that the additional provision would receive the same construction as the prior provisions.

■■ We therefore hold that the clause in the policy limiting the liability of the appellee to the amount of legal reserve under the policy is a valid and binding provision, that it is not in conflict with the incontestable provision in the policy, that no ambiguity exists by reason of the two provisions, that this is not a contest under the incontestable clause of the policy or of the statute, and that the trial court did not err in rendering judgment for the amount of the legal reserve stipulated by the parties.

Appellant's counsel have presented excellent briefs and arguments, and we have examined every case cited by them. They have laid particular stress on the decisions of the Court of Civil Appeals of Texas in Mutual Reserve Fund Life Ass'n v. Payne, 32 S.W. 1063, and of the Supreme Court of Louisiana in the case of Bernier v. Pacific Mutual Life Ins. Co., 173 La. 1078, 139 So. 629, 88 L.R.A. 765. The Payne case does not appear to us to be in point. The policy in that case provided that it should be incontestable for any cause after five years except for nonpayment of dues or mortuary premiums at the time and in the manner stipulated in the policy, and also provided that death by suicide, whether voluntary or involuntary, whether sane or insane at the time, is not a risk assumed in the contract and the amount payable under such circumstances would be limited to a sum equal to the amount of premiums paid with interest. The insured committed suicide more than five years after date of the policy. The Court of Civil Appeals held that the full face amount of the policy was not subject to the defense contained in the suicide clause, and affirmed the judgment of the trial court in favor of the beneficiary for the full amount of the policy.

The main distinction which we see in that case and the one now under review is that at the time of the issuance of the policy, and at the time of the death of the deceased, the statute now invoked had not been enacted. Under similar facts our courts have held that the suicide clause is effective as a defense where it is incorporated in the policy so as to reduce the amount of payments allowable under the terms of the policy, and that by reason of the statutory enactments to which we have referred. This fact is pointed out by the Commission of Appeals to the Supreme Court in Illinois Bankers' Life Ass'n v. Floyd, 222 S.W. 967, 970.

In the Bernier case, from Louisiana, we find a state of facts very similar to those in the instant case. The insured was killed by the falling of an airplane in which he was riding within a few days less than fifteen months from the date of the policy. The policy contained a provision that in case of death while engaged in aerial navigation except while riding as a fare-paying passenger in a commercial aircraft operated by a licensed transport pilot and on a regular run between established airports the only liability under the policy should be for a sum equal to the premiums paid. It was further stipulated in the policy that it should be incontestable after one year from date of issue except for nonpayment of premiums or for violation of the conditions of the policy relating to military or naval service in time of war. The Supreme Court of Louisiana in a four-to-three decision held that the policy was not subject to the defense contained in the provision respecting aerial navigation, and allowed recovery for the full amount of the policy. Its holding seems to be grounded upon the rule of "expressio unius est exclusio alterius." Appellant invokes the same rule in the present case. If there is a conflict between the rule and the statute, the latter must prevail. Whatever may be said of the cogency of the reasoning by the Louisiana Supreme Court, we believe that the holding is not in keeping with the decided cases in this state since enactment of

our statute. Furthermore, it is not shown in the opinion that the State of Louisiana had a statute authorizing the exception for airplane travel as we have in Texas. There is nothing in the opinion to indicate that if Louisiana had a statute carrying a provision comparable to the 1941 amendment of Art. 4733, it would not be given the same effect and construction as is given by the Texas courts.

As already stated, we have carefully examined all other authorities cited by the appellant but do not find that they are controlling in this case.

The further point is raised that the contest came more than two years after the date of the policy, the answer of the appellant having been filed more than two years after such date, and that therefore it presented no defense. There are decisions in Texas holding that a defense based upon the incontestable clause must be filed in court within the time provided in the policy, or if there is no such provision in the policy then within two years as provided by the statute. Guardian Life Ins. Co. of Texas v. Galoostian, Tex.Civ.App., 155 S.W.2d 396; Kansas Life Ins. Co. v. First Bank of Truscott, 124 Tex. 415, 7 S.W.2d 587; Patton v. American Home, etc., Ins. Co., 143 Tex. 373, 185 S.W.2d 420; American National Ins. Co. v. Welsh, et al., Tex. Com.App., 22 S.W.2d 1063; American National Ins. Co. v. Briggs, Tex.Civ.App., 156 S.W. 909, writ refused; Trevino v. American National Ins. Co., 140 Tex. 500, 168 S.W.2d 656. However, since we hold, in line with other decisions of the state, that this was not such contest, the point can not be sustained and is overruled.

The judgment of the trial court awarded the amount of legal reserve and decreed that the appellant should pay the costs of that court. Since the judgment is affirmed, it must carry with it the costs of the court below and of this court. Accordingly, the judgment of the district court is affirmed and the costs of the court below and of this court are adjudged against appellant.

Judgment affirmed.