Gertrude Sue MAINER, Appellant,

v.

**AMERICAN HOSPITAL AND LIFE IN-
SURANCE COMPANY et al., Appellees.**

No. 11106.

Court of Civil Appeals of Texas.

Austin.

Oct. 23, 1963.

Rehearing Denied Nov. 13, 1963.

Cofer, Cofer & Hearne, Austin, for appellant.

Graves, Dougherty, Gee & Hearon, Austin, Atwell, Grayson & Atwell, Dallas, Boyle, Wheeler, Gresham, Davis & Gregory, San Antonio, for appellees.

ARCHER, Chief Justice.

This is a suit on two life insurance policies which had been in effect longer than the statutory two year period after which each policy became incontestable. Each appellee contested the accidental death benefits provided by its policy on the basis of exceptions contained in policy provisions concerning accidental death benefits. The District Court held that the accidental death provisions were separate contracts, unaffected by the statutory incontestability clause, and found that the exceptions contained in the policies were applicable to Mr. Mainer's death.

The appeal is predicated on four points as follows:

"First Point. After the Great National (Western Reserve) policy became incontestable under its own express provisions, the District Court erred in permitting Great National to contest, and defeat, a part of the amount of insurance provided by said policy.

"Second Point. The District Court erred in holding that the accidental death provisions are separate and dis-

tinct contracts from the other coverage provided by the policies.

"Third Point. The District Court erred in holding that an insurer may except accidental death insurance coverage from the applicability of the statutory incontestability clause required by Article 3.44.

"Fourth Point. The District Court erred in holding that the death of the Insured resulted from committing a felony, because that Conclusion depended upon a strained and technical construction of the policy exception concerning a 'felony'; and the language of the policy should be given its ordinary, non-technical meaning."

Appellees take the position that the insured met his death in an automobile collision while driving his automobile in the wrong direction of a median-divided limited access four lane highway, and at the time of the collision was intoxicated and was violating a criminal law; that the policies contained both life insurance provisions and supplementary contracts dealing with accidental death and are defending on the grounds that the circumstances under which Mr. Mainer met his death were not covered; that appellees were not prohibited by law from inserting in their accidental death benefits rider and their supplementary contracts limitations upon coverage denying coverage where the insured died while "committing an assault or felony" were valid under Articles 3.44 and 3.45 of the Insurance Code, V.A.T.S.

. By counterpoints appellee American Hospital says that the court correctly held that Article 3.44 has no material application to the accidental death provisions, because there had been no "contest" within the meaning of the statute and the court correctly held that the insured met his death while committing a felony within the exclusion from coverage. National Life by counterpoint says the court was correct in holding that Article 3.44 has no material application to the supplementary contracts

because there had been no "contest" and that the supplementary contracts are not life policies but are accident policies pursuant to the provisions of Article 3.45, and by crosspoint that the court erred in concluding and finding that the casualty involved did follow naturally and was reasonably expected and foreseeable from the voluntary conduct of the insured on the occasion in question.

"1. 'Attached to and made a part of' the American Hospital and Life Insurance Company policy are provisions for 'Additional Benefits In Event of Death By Accidental Means' ($5000). This policy provided that it would be incontestable after two years 'except that part * * * relating to additional insurance benefits in event of death of the Insured by accidental means.' The policy further expressly provided that 'the company may contest liability under this additional (accidental death) insurance benefit at any time.' With respect to the accidental death benefit the policy provided an exception if the death of the Insured resulted from committing a felony.

"With respect to this American Hospital and Life policy two questions are presented:

"(1) Whether the above exceptions to incontestability are permitted by Article 3.44, Insurance Code, which Statute requires that every life insurance policy shall contain a provision that the policy shall be incontestable after two years, except as to military service in time of war and nonpayment of premiums. (Third Point)

"(2) Whether, if the Statute does permit other exceptions to incontestability, the death of John R. Mainer resulted from committing a felony. (Fourth Point)

"2. 'Attached to and forming a part of' the Western Reserve policy, which Great National Life Insurance Compa-

ny assumed, were provisions for an 'Automobile Accidental Death Benefit' of $2,000 and also an 'Accidental Death Benefit' of $2.000. This policy became incontestable after one year, and the incontestability clause in the policy contained only one exception to incontestability, to wit, nonpayment of premiuns. With respect to the accidental death benefits the policy provided exceptions as to death sustained while under the influence of intoxicants or while violating any criminal law.

"With respect to this Great National (Western Reserve) policy only one question is presented:

"(1) Whether, even if an Insurer is permitted by Texas law to exclude from the statutory requirement of incontestability those exceptions which relate to accidental death coverage, an Insurer may contest liability after its policy becomes incontestable if the policy does not exclude from incontestability the exceptions relied upon. (First Point and Second Point)"

The trial court made findings of fact and conclusions of law and we believe such were justified by the evidence and the law.

The findings were, in substance, that the plaintiff is the beneficiary in the policies and made demand for payment of the accidental death benefits and payment was refused and specifically that:

"3. John Rheims Mainer, the insured under the policies referred to above, met his death on January 19, 1961, in an automobile collision while traveling on the public, interregional highway, Interstate 35, in New Braunfels, Texas, at or near the point where said highway passes over Farm Road 725.

"(a) Mainer's death resulted from bodily injuries caused in the collision.

"(b) Mainer sustained his death in a head-on collision with an automobile driven in a southerly direction by one George B. Whitworth. At the time of the collision Mainer was driving an automobile, of which he was the sole occupant, north on the southbound two lanes of a divided, four-lane highway, and in the wrong or lefthand lanes thereof.

"(c) Mainer's death was sustained while he was intoxicated and under the influence of intoxicating liquor.

"(d) Mainer's death was sustained while he was driving and operating his automobile on a public road in this State while intoxicated and under the influence of intoxicating liquor, and while so driving and operating such automobile he drove his automobile into and killed one George B. Whitworth without justification or excuse and in the absence of circumstances which reduce the offense to negligent homicide.

"(e) All above findings of this paragraph 3 and each of its subparagraphs above were established by the overwhelming weight of the evidence and beyond a troubling or reasonable doubt."

The court concluded as a matter of law that:

"1. American Hospital and Life Insurance Company is not prohibited by law from inserting in its accidental death benefit rider a limitation of coverage such as that found here so that accidental death benefits are not payable where the insured died 'while committing an assault or felony;' and such limitation or exception of coverage is valid and effective.

"2. Great National Life Insurance Company is not prohibited by law from inserting in its accidental death benefit coverage and in its automobile accidental death benefit coverage a limitation of coverage denying such benefits where the insured died while under the influence of intoxicants or while

violating any criminal law and such limitations or exceptions to coverage are valid and effective.

"3. The accidental death provisions of the above policies are, in each instance, separate and distinct contracts from the life coverage whether contained in one instrument or not.

"4. The incontestability clause required by Article 3.44, Texas Insurance Code, has no material application to the accidental death benefits provisions of the policies involved in this case.

"5. The exceptions and limitations of coverage referred to above as contained in the policies in issue here do not constitute provisions for any mode of settlement at maturity of less value than the amounts insured on the face of the policy as forbidden by Article 3.45.

"6. The form of the incontestability clause inserted in these contracts is immaterial to this cause since none more lenient to the insuror than the statute, Article 3.44, Texas Insurance Code, would be permitted by law.

"7. Mainer sustained his death while intoxicated and while under the influence of intoxicating liquor within the meaning of the limitation or exception of coverage in the Great National Life Insurance Company policy referred to herein.

"8. Mainer sustained his death while violating the criminal law within the meaning of the limitation or exception of coverage in the Great National Life Insurance Company policy referred to herein.

"9. Mainer sustained his death while committing a felony within the meaning of the limitation or exception of coverage in the American Hospital and Life Insurance Company policy referred to herein.

"10. Mainer's death resulted from bodily injuries caused 'directly, exclusively and independently' of all other causes by 'external, violent and accidental' means, within the meaning of such and similar terms used in the policies involved here."

■ We do not believe the limitations as to coverage to be contests of the policy.

In McCann v. National Life & Accident Insurance Co., Tex.Civ.App., 226 S.W.2d 177, er. ref., the court found and stated:

"Thus we find that our courts of civil appeals and the Supreme Court have all held that where the policy contains an exception or limitation of full liability by reason of suicide or by reason of naval or military service the provisions are valid and binding, entirely because the statutory enactments referred to authorize such provisions to be incorporated in the policy. A defense based upon such exception is not a contest within the purview of the incontestable provision of Art. 4732, but such defense, being based upon valid statutory enactments, must be allowed as an effort to carry out the terms of the policy as written. Any provision limiting liability to less than the full amount of the policy for other reasons than those specified in the statute is not allowable as a valid defense. * * * We therefore hold that the clause in the policy limiting the liability of the appellee to the amount of legal reserve under the policy is a valid and binding provision, that it is not in conflict with the incontestable provision in the policy, that no ambiguity exists by reason of the two provisions, that this is not a contest under the incontestable clause of the policy or of the statute, and that the trial court did not err in rendering judgment for the amount of the legal reserve stipulated by the parties."

There is a distinction between contest of a life insurance policy and a defense based

upon limitations as to coverage therein. McCann v. National Life & Accident Insurance Co., supra, in which case the court discussed the Mutual Reserve Fund Life Association v. Payne, Tex.Civ.App., 32 S.W. 1063, and stated that the Payne case was not in point.

In First Texas State Insurance Co. v. Smalley, 111 Tex. 68, 228 S.W. 550, the court stated that the purpose of Article 4733 R.C.S., 1911, now Article 3.45 was to restrict limitations as to coverage in life policies.

In Southwestern Life Insurance Co. v. Houston, Tex.Civ.App., 121 S.W.2d 619, er. dism'd, it was held that the defense was not a contest of the policy but merely an enforcement of the policy as written and that Article 3.44 only applied to situations where the existence of the policy itself was challenged.

It has been held in a number of cases cited in Benefit Association of Railway Employees v. Hutson, Tex.Civ.App., 321 S.W.2d 607, er. ref., n. r. e. that limitations as to coverage such as are contained in the Supplementary Contracts are not in violation of Article 3.44 because they are not a contest.

In Metropolitan Life Insurance Company v. Conway, 252 N.Y. 449, 169 N.E. 642, it was held:

" * * * The provision that a policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years is not a mandate as to coverage, a definition of the hazards to be borne by the insurer. It means only this, that within the limits of the coverage the policy shall stand, unaffected by any defense that it was invalid in its inception, or thereafter become invalid by reason of a condition broken."

Appleman, Insurance Law and Practice, Volume 1, Sections 331 and 392.

■ We believe the trial court was correct in holding that the Supplementary Contracts are not life policies but accident policies pursuant to the provisions of Article 3.45.

In Greer v. Franklin Life Insurance Company, 148 Tex. 166, 221 S.W.2d 857, the court in considering the question of whether or not double indemnity was available to the beneficiary where the circumstances of the death of the insured fell within one of the exceptions as to coverage in the double indemnity benefits, held in construing Article 4733, now Article 3.45, that the double indemnity portion of the policy was a separate contract and was to be considered as an accident contract, expressly not included within the prohibitions of Article 3.45.

The Supplementary Contracts in the case before us are attached to the life policy in the usual form of a rider, separately signed and provide that they are supplementary coverage and refer to the life policies in order that the beneficiary might be specified without duplication and clearly define the terms of their coverage.

The Supreme Court in Republic National Life Insurance Co. v. Spillars, Tex., 368 S.W.2d 92, recently held that "As a general rule contracts of insurance are to be strictly construed in favor of the insured, but this does not affect the further general rule that contracts of insurance are to be construed as other contracts, and that all parts of the contract are to be taken together, and such meaning shall be given to them as will carry out and effectuate to the fullest extent the intention of the parties."

We have given careful consideration to the several cases cited by appellant, such as National Life Underwriters v. Williams, Tex.Civ.App., 197 S.W.2d 487, er. ref., but do not believe such to be controlling.

The judgment of the trial court is affirmed.

Affirmed.