No. 21525.

THE PENN MUTUAL LIFE INSURANCE COMPANY
*v.* LOIS P. GIBSON.
(418 P.2d 50)

Decided September 12, 1966.        Rehearing denied October 3, 1966.

DAWSON, NAGEL, SHERMAN & HOWARD, MICHAEL A. WILLIAMS, for plaintiff in error.

WM. RANN NEWCOMB, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE SUTTON delivered the opinion of the court.

THIS is a case of first impression in Colorado. The dispute arises out of a claim prosecuted by Lois P. Gibson, the defendant in error, under a double indemnity clause in a life insurance policy. We shall refer to Mrs. Gibson as the beneficiary or plaintiff; to the plaintiff in error as the Company or the defendant; and to the deceased, Edward A. Gibson, by name, as the insured or as the deceased.

The record discloses that on November 15, 1961, Edward A. Gibson insured his life in the face amount of $10,000 with the Company, a Pennsylvania Corporation authorized to do business in Colorado. Attached to the policy was a supplemental agreement which provided for an additional $10,000 benefit in the event of the insured's accidental death. The pertinent policy wording involved is:

"* * * the Double Indemnity Benefit shall not be payable if death results directly or indirectly from * * *

(4) the commission by the Insured of an assault or felony; * * *."

It appears that on June 3, 1963, the insured was involved in an automobile accident west of Denver at the intersection of 20th and Kipling in Jefferson County, Colorado. The evidence reveals that Gibson, while driving his Ford station wagon at a speed of approximately 60 miles per hour, struck the rear end of a pick-up truck which had stopped at the intersection for a traffic light. The cumulative result was as follows: four automobiles sustained damage; one Charles Houck, the driver of another vehicle suffered personal injuries; and the insured died as a result of the collision. An analysis made during an autopsy performed on Gibson revealed that his blood contained .354 per cent ethyl alcohol by weight which was more than sufficient under our statute to presume that he was legally intoxicated at the time of the accident. See 1960 Perm. Supp., C.R.S., Section 13-4-30 (1)(c).

The Company paid the beneficiary of the policy, the widow of the deceased, the face amount of the policy; it, however, refused payment of the additional $10,000 under the double indemnity agreement. As a result this action was instituted.

Trial was had to a jury of six. At the close of the Company's case, the plaintiff moved for a directed verdict which was granted by the trial court. Judgment was thereafter rendered in the amount of $10,000 plus interest from October 22, 1963. The defendant's motion for a new trial was denied and the Company now seeks relief by way of writ of error.

The basic question presented for our determination is whether the facts as presented bar the recovery under the double indemnity agreement because of the exclusionary provision above quoted?

The Company contends that they do because the deceased was allegedly committing a felony when he was killed, i.e., he was driving a motor vehicle while under

the influence of alcohol and injured another person in violation of C.R.S. '53, 40-2-11. The plaintiff's position, both here and in the trial court, is two-pronged, viz: (1) that the act of the deceased did not constitute a felony within the meaning of the double indemnity agreement; and (2) that, in any event, the felony committed by the insured did not cause his death.

The trial court directed the verdict, however, on the ground that the only felony contemplated by the agreement was one in which an insured set out with "the intent and purpose of committing a felony." It thereafter concluded that since the particular felony involved did not meet this criterion, the exclusionary provision could not take effect. For reasons hereinafter set forth, we do not agree with the basis of the trial court's holding; however, since we believe that the trial court's action based on plaintiff's contention was correct, we must affirm.

We note that on the date of the accident neither the offense of driving under the influence of alcohol, nor reckless driving, nor causing an accident while under the influence of alcohol or by reckless driving, constituted felonious acts. 1960 Perm. Supp. C.R.S., Sections 13-4-30 (4) (5) and 13-4-31. Only when these events caused a *death or injury to another person* did the statute specifically provide that a felony had been committed. C.R.S. '53, 40-2-10, 40-2-11.

The Company cites and relies on *Mainer v. American Hospital and Life Insurance Co.,* 371 S.W.2d 717 (Tex. Civ. App. 1963), asserting it is in point in a similar factual situation. It is true that *Mainer* involved a fatal accident occasioned by a drunken driver and that the Texas court held there could be no recovery on a double indemnity clause. In *Mainer* the court did not discuss whether it was a felony to drive while intoxicated and merely seemed to assume that it was because a death had occurred. An examination of Vernon's Penal Code of the State of Texas (1961), Vol. 2, Art. 802, however,

shows that driving under the influence is a misdemeanor in Texas; and Art. 802 C provides for a felony conviction if the "accident or mistake * * * if voluntarily done (by a driver under the influence of alcohol) would be a felony."

We do not choose to follow *Mainer* because it fails to dispose of the real issue as we view it, which is one of causation, for the policy wording expressly excludes double indemnity payments as applied to this fact situation *only* if the death results from the commission by the assured of an assault or felony. Concerning causation see *Union Central Life Ins. Co. v. Cofer*, 103 Ga. App. 355, 119 S.E.2d 281 (1961), *Appelman on Insurance*, Vol. 1, p. 630, and 29A Am. Jur., *Insurance*, §§ 1186-87. This is different than the type of broad clause that bars recovery when there has been "any violation of law" as is expressed in many policies.

■ In the instant case the insured's death is not the death "of another" under C.R.S. '53, 40-2-10. And, the question of an assault under C.R.S. '53, 40-2-11, is not involved since such was neither alleged nor was the requisite intent proved. The injury to Houck caused by the insured's acts is therefore left for our determination. This must, however, be viewed in the light of what happened to the deceased and not what happened to Houck. As to the insured, the event which caused his death, was his collision with another automobile which was precipitated by his wrongful (but non-felonious) acts of driving while intoxicated and operating his vehicle in a reckless manner. The fact that Houck was also injured is not what caused Gibson's death. *A fortiori* the death was not the result of a felony under the statute. And, this was a risk not excluded by the double indemnity provision of the policy.

■ Since we conclude that the trial court was correct in directing a verdict, although for the wrong reason, we will not remand the case to the trial court for correct findings. See *Metropolitan Ind. Bank v. Great*

*Western Prod. Corp.*, 158 Colo. 198, 405 P.2d 944 (1965). Moreover, in view of the conclusion we have reached, we need not consider other grounds for reversal urged by the Company.

Affirmed.

MR. JUSTICE DAY and MR. JUSTICE FRANTZ not participating. MR. JUSTICE MOORE dissents.