Barbara L. SCHANTINI,
Plaintiff-Appellant,

v.

HARTFORD ACCIDENT & INDEMNITY
COMPANY, a Connecticut Corporation
licensed to do business in the State of
Colorado, Defendant-Appellee,

and

Ralston Purina Company, a Missouri
Corporation authorized to do business
in the State of Colorado, Defendant.

No. 79CA0209.

Colorado Court of Appeals,
Div. I.

July 26, 1979.

Rehearing Denied Aug. 30, 1979.

Certiorari Denied Jan. 14, 1980.

Edward C. Eppich, Denver, for plaintiff-appellant.

Walberg & Pryor, Don D. Jacobson, John E. Walberg, Denver, for defendant-appellee.

VAN CISE, Judge.

Plaintiff, Barbara L. Schantini, appeals from an adverse judgment entered after a trial to the court on stipulated facts. We affirm.

Plaintiff's husband was killed in an airplane crash on January 13, 1977. The aircraft was an amateur built plane assembled from a kit. The plane was licensed by the Federal Aviation Administration (FAA) as an experimental aircraft and had been issued a special airworthiness certificate which placed certain restrictions on its use. It was piloted by one Clark, who was licensed as a student pilot and had logged 84.9 hours of flight time. Plaintiff's husband was a non-pilot passenger in the airplane when it crashed. The cause of the crash was never determined.

Defendant Hartford Accident and Indemnity Co. (Hartford) had issued to plaintiff's husband's employer, defendant Ralston Purina Company, a group life insurance policy, insuring his life in the amount of $20,000. Plaintiff was the beneficiary of the policy.

Following her husband's death, plaintiff made demand upon Hartford for the insurance proceeds. Hartford refused to pay, and plaintiff then commenced this action. On stipulated facts, the trial court held that the airplane passenger exclusion in the life insurance policy relieved Hartford of any liability to plaintiff under the policy.

The sole issue on this appeal is whether plaintiff is entitled to recover under the policy in light of the fact that her husband, the insured, was riding as a passenger in an experimental aircraft operated by a student pilot.

The pertinent provision of the life insurance policy is:

"This policy does not apply to any loss, fatal or non-fatal, caused by or resulting from:

.    .    .    .    .

(5) Injury sustained while riding in . . any aircraft, except while as a passenger . . . in . . . . a previously tried, tested and approved aircraft being used at the time for transportation of passengers only, provided:

(a) Such aircraft is operated in accordance with then existing regulations of the authority having jurisdiction over the operation of the aircraft. . . ."

Although the student pilot was authorized to operate the aircraft, he was prohibited by *Federal Aviation Administration Regulation* 61.89 from carrying any passengers. Thus, since the insured's death resulted from injuries sustained while a passenger in an aircraft not being operated according to FAA regulations, the policy exclusion was applicable and plaintiff may not recover under the policy.

Plaintiff contends, however, that in order to avoid liability, Hartford must establish a causal relationship between violation of the FAA regulation and the insured's death. As authority for this causation argument, she relies on *Penn Mutual Life Insurance Co. v. Gibson*, 160 Colo. 462, 418 P.2d 50 (1966).

In *Penn Mutual*, plaintiff sought double indemnity benefits for the death of her husband who was driving while intoxicated, and was killed when his car collided with other automobiles. The insurance policy provided that double indemnity would not be paid " 'if death results directly or indirectly from . . . the commission by the Insured of an assault or felony. . .' " The court concluded that even though the insured had committed a felony by causing injury to another while driving in an intoxicated state, the insured's death was, nevertheless, not the result of the felony because injury to the other did not cause the insured's death. Thus, the insured's death did not *result from* his commission of a felony and the exclusion was inapplicable.

In the present case, the policy exclusion does not require that the violation of an FAA regulation be the cause of injury. Instead, the "caused by or resulting from" language of the policy requires only that death should result from injuries sustained under certain circumstances. As it is not disputed that the insured's death was caused by injuries sustained while he was a passenger in an aircraft not being operated in accordance with FAA regulations, to-wit, by a pilot prohibited from carrying passengers, the exclusion is applicable. Since Hartford "cannot be held liable beyond the scope of risks which have been clearly covered in the insurance policy," *Martinez v. Hawkeye-Security Insurance Co.*, Colo., 576 P.2d 1017 (1978), the trial court properly entered judgment in favor of defendants.

Judgment affirmed.

SILVERSTEIN, J., concurs.

COYTE, J., dissents.

COYTE, Judge, dissenting:

I agree that the insured died while a passenger in an aircraft not being operated in accordance with F.A.A. regulations. However, the parties stipulate that it has not been determined whether the cause of the crash was mechanical failure, pilot error, or an act of God. It would be pure speculation and conjecture to say that the accident was in any way caused by the violation of an F.A.A. regulation.

All plaintiff must prove in order to be entitled to recover is that the policy was issued and that the insured died. The burden of proof is then upon the insurer to prove any exclusion from the life insurance coverage. *Capitol Life Insurance Co. v. Roth*, 191 Colo. 289, 553 P.2d 390 (1976).

This exclusion is similar to policy provisions that deny coverage whenever the insured's death involves a violation of law. In interpreting these provisions, "[t]he majority rule is to the effect that there must be a causative connection between the violation of law and the injury received." 1A *J. Appleman, Insurance Law & Practice* § 511. *See Penn Mutual Life Ins. Co. v.*

*Gibson*, 160 Colo. 462, 418 P.2d 50 (1966). This rule has been applied to aviation exclusions in *Security Mutual Life Insurance Co. v. Hollingsworth*, 459 P.2d 592 (Okl.1969); *South Carolina Insurance Co. v. Collins*, 269 S.C. 282, 237 S.E.2d 358 (1977). *See also* 1A J. Appleman, supra, § 602 (1979 Supp.).

The causal connection requirement becomes essential when dealing with an exclusion broadly applicable to all existing F.A.A. regulations. Such an exclusion would "result in only a scantling of coverage in most airplane crashes. This is true since the federal aviation regulations are so labyrinthine that it is nearly impossible for a plane crash to occur without the violation of at least one regulation." *Southwestern Life Insurance Co. v. Rowsey*, 514 S.W.2d 802 (Tex.Ct.Civ.App.1974). *See also Thompson v. Ezzell*, 61 Wash.2d 685, 379 P.2d 983 (1963). Furthermore, nothing in the exclusion limits its application to private aircraft; presumably the insurer could avoid liability if the insured was a passenger on a commercial flight whose pilot failed to comply with a minor regulation not causally related to the crash.

As I read the aviation exclusion in this policy, the "caused by or resulting from" language is applicable to the provision regarding violation of agency regulations. My conclusion is supported not only by the apparent meaning of the provision, but also by the rule that ambiguities in insurance policies must be construed favorably to the insured, *Travelers Insurance Co. v. Jeffries-Eaves, Inc.*, 166 Colo. 220, 442 P.2d 822 (1968), and, in particular, exclusions must be narrowly construed in favor of the insured. *Ferndale Development Co. v. Great American Insurance Co.*, 34 Colo.App. 258, 527 P.2d 939 (1974). If the insurer wished to exclude coverage in this situation, it should have done so more clearly. *Ferndale Development, supra; Bobier v. Beneficial Standard Life Ins. Co.*, Colo.App., 570 P.2d 1094 (1977). The only reasonable interpretation of this exclusion is to limit its effect to violations that proximately cause an accident.

The insurer has written an ambiguous policy provision and has failed to prove that the accident was caused by excluded activity. Insurance liability should not be so easily avoided.

I would reverse the judgment of the trial court.