Runyon, Admx., *v.* Western & Southern Life Ins. Co.

(Decided March 30, 1934.)

*Mr. H. A. McCown,* for plaintiff in error.
*Messrs. Corn, Jenkins & Collier,* for defendant in error.

Blosser, P. J.  Sarah Runyon, as administratrix of the estate of Garland Runyon, deceased, filed her petition in the Court of Common Pleas against the Western and Southern Life Insurance Company, a corporation, in which she alleged that she was entitled to recover on a policy of insurance, issued to Garland Runyon, whose death was caused by burns received in a fire which occurred while he was confined in the Ohio Penitentiary as a result of a conviction for a felony.

The defendant filed an answer alleging several defenses, the fourth of which is as follows:

"Defendant adopts the admissions and denials of its first defense and further says that the rider containing the accidental death benefit provision attached to said policy provided for the payment of an amount equal to the original amount of the policy payable as a death claim if death resulted from bodily injuries

caused directly, exclusively and independently of all other causes by external violence and purely accidental means unless such death be caused by, or be attributed to as the result, directly or indirectly, of any violation of law by the insured. And defendant says that at the time said insured received the burns resulting in his death, if he did, he was imprisoned in the Ohio penitentiary under sentence thereto by the Court of Common Pleas of Lawrence County, Ohio, for a violation of law, to wit, the commission of a felony, but for which violation of law said defendant would not have been present at and in said penitentiary and exposed to the hazard of said fire and would not have lost his life therein; and by reason of the premises even if it should be found that said policy was then in force and effect, which defendant denies, the death of said insured, if caused by accidental means, resulted from and/or was attributable to a violation of law, by reason whereof defendant is not liable for the payment of accidental death benefits under said policy and said rider."

A demurrer was filed to this defense, which was overruled by the court. The plaintiff not desiring to plead further final judgment was entered in favor of the insurance company. A reversal is sought in this court.

The sole question for determination is whether the terms of the policy entitle the plaintiff to recover for the death of the deceased, which was caused by a fire in the Ohio Penitentiary where he was confined for the commission of a felony. The defense in question alleges that the policy provided for the payment of the amount stipulated if death resulted from bodily injury "unless such death be caused by, or be attributed to as the result, directly or indirectly, of any violation of law by the insured." It is urged by the plaintiff that the violation of law for which the deceased was confined in the penitentiary was not the proximate

cause of his death, but only the remote cause, and that for that reason the provision of the policy does not prevent a recovery. It is true that the proximate cause of the death of the deceased was the fire. The indirect cause of his death was his unlawful act which caused his confinement in the penitentiary, resulting in his death by means of the fire.

A number of adjudicated cases have been cited by counsel for the plaintiff and defendant. Most of these cases in their facts can be distinguished from the present case. There is some confusion in the reported cases, for the reason that some courts treat the transaction as in the nature of a tort, and hold the insurer liable on the ground that the unlawful act was not the proximate cause of the death. Some cases hold that the violation of law by the insured is in the nature of a condition, rather than an immediate cause of the injury. But under a clause of the kind contained in the policy in this case the courts hold that the insurer is not liable if the policy expressly excludes liability for an injury of which a violation of law is either the proximate or remote cause or the condition producing the injury. *Duran* v. *Standard Life & Accident Co.,* 63 Vt., 437, 22 A., 530.

As the action is founded on contract it is necessary to construe the terms used in the policy. If the word "indirectly" was omitted, leaving the word "directly" without any qualifying word or phrase, the policy might well be construed as requiring the violation of law to be the proximate cause of death; but the word "indirectly" used in the policy must be given its usual meaning.

" 'Indirect', as defined by the Century Dictionary and Cyc., is 'not direct in relation or connection; not having an immediate bearing or application; not related in the natural way', etc., which is not the same meaning as direct, nor equivalent thereto." *Southern*

*Traction Co.* v. *Gee* (Tex. Civ. App.), 198 S. W., 992; 31 Corpus Juris, 884; 22 Ruling Case Law, 218.

The leading authority construing the phrase used in this policy is the English case of *Coxe* v. *Employers' Liability Assurance Corp.,* 2 K. B., 629 (1916). In that case by a policy of insurance the deceased, a reserve military officer, was insured against death within the kingdom "directly or indirectly caused by, arising from, or traceable to * * * war," the realm then being in a state of war. While in England walking along a railroad track to inspect some guards he was killed by a train. It was held that the words "directly or indirectly" could not be reconciled with the maxim *causa proxima non remota spectatur* (the direct and not the remote cause is considered), which would have been applicable had the words not been in the condition, and the deceased having been placed in a position of special danger by reason of his military duties consequent upon the war it was proper to find that the death was indirectly caused by the war. This case is quoted in the text of Porter's Law of Insurance (7th Ed.), 473.

The deceased was in the penitentiary by reason of his violation of law. Had he not violated the law he would not have been there and been subjected to the hazard of the fire. His violation of law was the indirect cause of his death. By the very terms of the policy a recovery is precluded.

We accordingly hold that the fourth defense of the answer was good as against the demurrer and the judgment is affirmed.

*Judgment affirmed.*

Middleton and Mauck, JJ., concur.