Argued and submitted March 28, affirmed June 9, 1980

## HARBEINTNER,
### *Respondent,*
*v.*
## CROWN LIFE INSURANCE COMPANY,
### *Appellant.*

(No. 78-3967, CA 15271)

612 P2d 334

Jeffrey Batchelor, Portland, argued the cause for for appellant. On the briefs were James H. Clarke, Edwin A. Harnden, Frank M. Parisi, and Spears, Lubersky, Campbell & Bledsoe, Portland.

Stuart M. Brown, Eugene, argued the cause for respondent. With him on the brief were Bruce M. Smith, and Young, Horn, Cass & Scott, Eugene.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges, and Howell, Judge pro tempore.

HOWELL, J. pro tempore.

**HOWELL, J.** pro tempore.

This is an action to recover $40,000 in accidental death benefits under a policy issued by defendant. Plaintiff is the beneficiary of the policy. The trial court granted plaintiff's motion for summary judgment. Defendant appeals, and we affirm.

The insured was killed when his car went out of control and ran off the road. Tests showed a blood alcohol content of .23. The insurance policy provided that the benefit was payable if "the death of the insured resulted * * * from bodily injury * * * and was caused solely by external, violent, and accidental means." Defendant alleged the insured was voluntarily, intentionally and willfully operating his automobile while he was intoxicated and that the crash and his death "were an imminent and foreseeable result of the insured's driving while intoxicated, and were not caused solely by external violent and accidental means." Defendant does not contend that the insured committed suicide. Defendant admits the insured's injuries were violent and external and were consistent with the popular understanding of an "accident."

In *Botts v. Hartford Acc. & Indem. Co.,* 284 Or 95, 585 P2d 657 (1978), the Supreme Court considered the issue whether an insured had suffered "accidental bodily injury" within the meaning of the insured's policy. In determining whether the death was "accidental," the court said:

> "[W]e are guided by the principle that it is the common understanding of the term which must be used and not its technical meanings. [Citations omitted.] The insurance company may, of course, insert in its policy any definition of 'accident' it chooses but, in the absence of doing so, it must accept the common understanding of the term by the ordinary member of the purchasing public. * * *.
> " * * * * *.

"In situations in which 'accident' or 'accidental' are not defined in the policy, it is for the court to decide the definition which is properly applicable to the particular factual situation, taking into consideration what we believe to be the popular non-technical understanding of the term. * * * If the undisputed facts clearly come within the definition, a judgment should be directed for plaintiff. * * *" 284 Or at 101, 103.

We agree with Professor Appleman:

"* * * While drunken driving is dangerous (and should be prevented) the public still regards such an accident as 'accidental'. To rule to the contrary is to deny the terminology the ordinary meaning given by the public. If the insurer wants to so restrict the meaning of accident, he should insert a specific exclusion as many do." 1A Appleman, Insurance Law and Practice 83, § 467 (1979 Pocket Parts)

The defendant's policy listed nine exceptions to recovery for death by external, violent and accidental means but did not have an exception for death resulting from intoxication.[1]

Affirmed.

---

[1]

"Exceptions. This benefit will not be payable if the insured's death resulted directly or indirectly from any of the following causes:—

"1. Suicide or intentionally self-inflicted injuries, while sane or insane.

"2. Injury incurred to which a contributing cause is the insured's commission of, or attempt to commit, an assault or felony, or injury which occurred while the insured was engaged in an illegal occupation.

"3. Insurrection or war, whether war be declared or not, or any act incident thereto, or participation in any riot.

"4. Travel or flight in any aircraft if the insured is a pilot, officer or other member of the crew of the aircraft, or if such flight is made for instructional, testing or training purposes, or if the insured is travelling or flying as a passenger or otherwise in any aircraft of a military, naval or air force.

"5. Bodily or mental infirmity or illness or disease of any kind.

"6. The taking of poison or poisonous substances or the inhalation of gas of any kind, whether voluntary or otherwise.

"7. Any poisoning or infection other than infections occurring simultaneously with and in consequence of an accidental cut or wound.

"8. Injuries of which there is no visible contusion or wound on the exterior of the body, drowning and internal injuries revealed by autopsy excepted.

"9. Service as a combatant or non-combatant in the military, naval or air forces of any country at war, whether war be declared or not."