**Karl D. WEISENHORN, Plaintiff and Interpleader Defendant,**

v.

**TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY, Defendant and Interpleader Plaintiff,**

v.

**David L. NEHRING, Interpleader Defendant.**

**No. Civ. 4–90–644.**

United States District Court, D. Minnesota, Fourth Division.

July 23, 1991.

 

Brian J. Love, Hauer & Fargione, Minneapolis, for plaintiff.

Paula T. Weseman, Faegre & Benson, Minneapolis, for defendant.

## MEMORANDUM OPINION AND ORDER

DIANE E. MURPHY, District Judge.

Plaintiff Karl D. Weisenhorn brought this action against Transamerica Occidental Life Insurance Company (Transamerica) to recover accidental death benefits for the death of his ex-wife, Robin Ann Nehring. Because both Weisenhorn and David Nehring, Mrs. Nehring's husband at the time of her death, submitted conflicting claims for these benefits, Transamerica set up an interpleader action and joined Mr. Nehring as an interpleader defendant. Transamerica subsequently deposited the funds at issue with the court. Before the court is the motion by Transamerica for summary judgment.

### I.

The facts relevant to this motion are undisputed. Mrs. Nehring was killed in an automobile accident in Florida in February 1989 when she lost control of the vehicle she was driving and crashed into an oncoming pickup truck. At the time of her accident, she was legally intoxicated. Her passenger, Mr. Nehring, suffered various serious injuries, including broken bones, a dislocated shoulder, cuts, and cartilage and ligament damage to his knee. He was hospitalized and has since recovered.

At the time of the accident, Mrs. Nehring was insured under a group accidental death and dismemberment policy issued by Transamerica, policy no. 23830–0116. The premiums for this policy were paid by her employer, Walgreen Company. The policy was an "employee welfare benefit plan" governed by the Employee Retirement Income Security Act of 1974 (ERISA). The policy provides, in relevant part:

> If ... you suffer accidental bodily injury which, independently of all other causes,

results in [accidental death], we will pay the benefits stated in the Plan Summary [for accidental death].

* * * * * *

Limitations. [N]o benefits will be paid if loss results from:

* * * * * *

Your commission of or attempt to commit an assault or felony.

Defendant's br., exh. A.

After Mrs. Nehring's death, both Mr. Nehring and Weisenhorn submitted claims for benefits under her policy. Her beneficiary designation card, which was executed prior to her 1987 divorce, listed Weisenhorn as her beneficiary. On October 16, 1990, Transamerica denied both claims, based on the felony exclusion clause in the policy. Both claimants appealed from the initial denial, and the claim review fiduciary determined that the felony exclusion clause applied and affirmed the denial. This action ensued.

## II.

Transamerica argues that no benefits are payable under the policy because Mrs. Nehring's death resulted from her commission of a felony as defined by Florida law. In Florida, driving while intoxicated is a dismeanor, and causing serious bodily injury to another while driving while intoxicated is a felony. Fla.Stat. § 316.193(3). Transamerica contends that Mrs. Nehring's conduct which resulted in her death was a felony under this law, thus excluding coverage under the policy. It also argues that this conclusion is supported by public policy which does not favor drunk drivers.

Weisenhorn argues that the felony exclusion should not apply here because Mrs. Nehring's death did not result from her commission of a felony (causing serious injury while driving while intoxicated) but from her commission of a misdemeanor (driving while intoxicated). According to Weisenhorn, the fact that someone else was injured in the accident, making it a felony, is totally unrelated to her cause of death. Her death was not caused by Mr. Nehring's injury. Weisenhorn argues that

this conclusion is supported by the ordinary language of the policy taken as a whole. He also argues that Mrs. Nehring's reasonable expectation as a policyholder would not have been that the felony exclusion clause in her policy would include drunk driving, because that is not what ordinary people think of as a "felony" and because at the time she accepted the policy, in 1984, it was not a felony but a misdemeanor in Florida to cause serious injury while driving while intoxicated. Florida changed its laws in 1986 to make that conduct a felony. Weisenhorn also contends that public policy in Florida does not favor excluding insurance benefits on the basis of drunk driving.

Transamerica replies that the reasonable expectations doctrine does not apply to this action under ERISA because it is a state law rule of construction preempted by ERISA and because the reasons underlying its development do not apply in this case where the employer, not the insured, bargained with Transamerica regarding the policy. Transamerica also replies that Mrs. Nehring's death did "result from" the totality of the circumstances that rendered her conduct a felony. It argues that each element of the felony statute (drunk driving plus an accident which causes serious bodily injury) need not independently "cause" the death in order for the death to have resulted from the felonious conduct as a whole.

David L. Nehring, interpleader defendant, filed no papers in response to this motion, nor any response to this lawsuit other than a notice of representation.

## III.

On a motion for summary judgment, all material facts and inferences are construed in favor of the non-moving party. *Agri-Stor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir.1987). To defeat a motion for summary judgment, however, the non-moving party must show through specific evidence that there are material facts in dispute creating a genuine issue for trial; it may not rest only upon the allegations or denials of its pleadings. *Celotex Corp. v. Ca-*

*trett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

■ The motion involves interpretation of a contract, a task which is generally for the court. *Realex Chem. Corp. v. S.C. Johnson & Son, Inc.,* 849 F.2d 299, 302 (8th Cir.1988). As a preliminary matter, the court must determine the appropriate principles of contract construction. When construing the language of an insurance policy governed by ERISA, the ordinary rules of construction under state law are preempted by ERISA, with the result that the policy is to be construed "without deferring to either party's interpretation." *Brewer v. Lincoln Nat'l Life Ins. Co.,* 921 F.2d 150, 153–54 (8th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 2872, 115 L.Ed.2d 1038 (1991). Since the reasonable expectation doctrine defers to the insured's interpretation of the policy, the doctrine should not be applied to ERISA claims. This conclusion is also supported by the fact that the policy at issue here was not negotiated by Mrs. Nehring but by her employer, and there is no showing that there was unequal bargaining power or lack of skill to understand the policy by her employer in the negotiations. Further, the felony exclusion clause is found on the same page of the policy providing accidental death coverage and is not a "hidden exclusion" as might invoke the reasonable expectations doctrine.

■ Because the facts are undisputed, the issue here is whether the felony exclusion clause of the policy applies under these circumstances. Did Mrs. Nehring's death "result from" her commission of a felony?

All the cases cited by Weisenhorn were based on state law in finding that the accident was covered under the policy. His strongest case is *Penn Mutual Life Ins. Co. v. Gibson,* 160 Colo. 462, 418 P.2d 50 (1966). In *Penn Mutual,* the court construed a virtually identical accidental death insurance policy as providing coverage under facts very similar to the present case. The decedent, legally intoxicated, crashed into the rear end of a pickup truck stopped at a red light, causing a four-car pile-up resulting in personal injuries to one Houck, the driver of one of the vehicles involved. The policy excluded coverage "if death results directly or indirectly from ... the commission by the Insured of an assault or felony...." *Id.* 160 Colo. at 463–64, 418 P.2d 50. The court viewed the central issue as one of causation, holding that the insured's death was not caused by the commission of a felony (drunken driving causing injury) but by the commission of a misdemeanor (drunken driving).

> The injury to Houck caused by the insured's acts is ... left for our determination. This must, however, be viewed in the light of what happened to the deceased and not what happened to Houck. As to the insured, the event which caused his death, was his collision with another automobile which was precipitated by his wrongful (but non-felonious) acts of driving while intoxicated and operating his vehicle in a reckless manner. The fact that Houck was also injured is not what caused [the insured's] death. A fortiori the death was not the result of a felony under the statute. And, this was a risk not excluded by the ... provision of the policy.

*Id.* 418 P.2d at 52. The court reached its conclusion based on its construction of the language of the policy and the relevant Colorado statutes regarding drunk driving.

Weisenhorn and *Penn Mutual* present an intriguing argument, but it is ultimately unsatisfactory. The argument isolates the individual elements of felonious drunk driving and misdemeanor drunk driving. It presumes that if each element is present for both categories of drunk driving, and the insured would have died even without the additional element turning misdemeanor into felonious drunk driving, then the lesser included offense should characterize the decedent's conduct. By isolating the individual elements, however, the argument misconceives the totality of the circumstances which constitutes the conduct as a whole. And by presuming that the lesser offense should determine the outcome of contract construction, the argument relies on state law principles of inter-

pretation which are inappropriate in this ERISA case.

It is the decedent's total conduct which determines the nature of the offense committed. The range of possible kinds of drunk driving could be described as a continuum from the least serious to the most serious conduct. The legislature defines penalties for conduct along this continuum; it is in the legislative province to draw the difficult lines among the various kinds of offense conduct. An important line is drawn between conduct which constitutes a felony and that which constitutes a misdemeanor. The Florida legislature had determined, at the time of Mrs. Nehring's accident, that her conduct was felonious because her drunk driving caused serious bodily injury. It does not make sense to say that because she was also committing a misdemeanor when she died, and the misdemeanor alone (had that been all she had actually committed) could account for her death, her conduct was therefore not felonious. That is pure speculation, a hypothetical reconstruction of an accident that did not happen. Under the totality of the circumstances, her actual conduct was felonious. Her conduct constituted the kind of drunk driving which the Florida legislature had determined to be a felony, not a misdemeanor. It was this conduct which caused the accident, including her death. Furthermore, being killed while committing felonious drunk driving is a foreseeable risk. Mrs. Nehring's death resulted from her commission of a felony, and recovery is therefore excluded by the language of her policy.

■ The cases cited by Weisenhorn which reach the opposite conclusion, including *Penn Mutual,* rely upon state law rules of construction such as the contra-insurer rule and the reasonable expectations doctrine. While this approach may be appropriate in those circumstances, here the policy is governed by ERISA and must be interpreted according to principles appropriate under ERISA. The state law presumptions which incline toward finding coverage do not apply here. Neither Weisenhorn nor Transamerica has identified a

case decided under ERISA which is relevant. One California case does support Transamerica, *Barker v. California–Western States Life Ins. Co.,* 252 Cal.App.2d 768, 61 Cal.Rptr. 595 (Cal.Ct.App.1967), *cert. denied,* 390 U.S. 922, 88 S.Ct. 855, 19 L.Ed.2d 982 (1968), where the court denied coverage under a felony exclusion clause. The court never addressed the issue of causation, however.

In the present case, the court has considered the language of the policy and the facts surrounding Mrs. Nehring's death and concludes that because her conduct was a felony under Florida law, her policy excludes coverage for her accidental death. Thus, neither Weisenhorn nor Mr. Nehring may recover, and Transamerica's motion for summary judgment should be granted.

### ORDER

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that the motion for summary judgment by defendant Transamerica Occidental Life Insurance Company is granted, and the complaint is dismissed. It is further ordered that the funds deposited by Transamerica with the court be returned to it.

LET JUDGMENT BE ENTERED ACCORDINGLY.