**ST. LOUIS UNIVERSITY, d/b/a St. Louis University Hospital, Plaintiff,**

v.

**Kevin GLASS and American Union Life Insurance Company, Defendants.**

**No. 4:93CV02122 GFG.**

United States District Court, E.D. Missouri, Eastern Division.

Sept. 29, 1994.

Nicholas G. Higgins, Sr., Whaley Higgins and Associates, Fenton, MO, for plaintiff.

Gene J. Brockland, Jr., Herzog and Crebs, St. Louis, MO, Daniel J. McMahon, Peterson and Ross and James B. Davidson, Davidson and Goldstein, Chicago, IL, for American Union Life Ins. Co.

### *ORDER*

GUNN, District Judge.

This matter is before the Court on summary judgment motions of defendant American Union Life Insurance Company ("American Union"). and plaintiff St. Louis University d/b/a St. Louis University Hospital ("SLUH").

SLUH filed suit in state court against Kevin Glass to recover the expenses incurred for defendant's treatment at SLUH and against Glass' insurer, American Union, to recover as an assignee of Glass' benefits under a policy. American Union subsequently removed on the grounds that the coverage provided by the policy at stake in this case is part of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Furthermore, at all relevant times, diversity of citizenship existed between Glass, formerly an Illinois resident, and SLUH, a Missouri corporation, and the amount in controversy exceeds $50,000. 28 U.S.C. 1441.

SLUH and American Union have stipulated to certain facts. In October of 1989, American Union issued a major medical expense insurance policy to defendant Glass. The coverage provided to Glass under the policy was paid for and maintained by Glass' employer and was part of an employee welfare benefit plan governed by ERISA. The policy contains a "commission of a felony" exclusion clause which expressly provides:

This policy does not cover:

1. Any condition that results from war or an act of war, whether or not declared, or from the covered person taking part in a riot or the commission of a felony.

At approximately 2:30 a.m. on April 10, 1993, Glass was involved in a motor vehicle accident on a highway in Illinois. Glass was driving a motorcycle northbound on the highway with a passenger. Glass crossed the center line, entered the southbound lane and struck an automobile. Both Glass and his passenger sustained injuries and were taken to SLUH for treatment. Glass incurred medical bills totalling $102,372.25 [1] for injuries arising out of the accident. American Union has filed a cross-claim seeking a declaration that these medical costs are excluded from coverage under the policy because Glass was committing a felony at the time of the accident.

In October of 1993, Glass plead guilty to misdemeanor driving under the influence of alcohol pursuant to 625 ILCS 5/11–501(A)(2). American Union claims that Glass was actually committing a felony at the time of the accident, not a misdemeanor. The Illinois Driving While Intoxicated Statute provides:

---

1. SLUH and American Union stipulate that this amount is actually $117,426.17 and cite the Complaint. However, the Complaint alleges only $102,372.25 worth of medical expenses.

(a) A person shall not drive or be in actual physical control of any vehicle within this State while:

(1) the alcohol concentration in the person's blood or breath is 0.10 or more ...; [or]

(2) under the influence of alcohol....

(c) Except as provided under paragraph (d) of this Section, every person convicted of violating this Section ... shall be guilty of a Class A misdemeanor....

(d) Every person convicted of committing a violation of this Section shall be guilty of aggravated driving under the influence of alcohol ... which shall be a Class 4 felony if:

(3) the person in committing a violation of paragraph (a) was involved in a motor vehicle accident that resulted in great bodily harm or permanent disability or disfigurement to another, when the violation was the proximate cause of the injuries....

625 ILCS 5/11–501.

In his answer to defendant American Union's cross-claim, Glass admitted that the following facts are true:

At approximately 2:30 a.m. on April 10, 1993, Kevin Glass was involved in a motor vehicle accident that resulted in great bodily harm or permanent disability or disfigurement to both himself and his passenger while he was driving under the influence of alcohol, which proximately caused the injuries to Mr. Glass and his passenger.

(Def. American Union Cross-cl. ¶ 9); (Def. Glass Answer ¶ 9). Glass has admitted all the facts comprising elements of the felony of aggravated driving under the influence of alcohol, as defined by the Illinois legislature. Glass admits that he was operating a vehicle while under the influence of alcohol and that as a proximate result of his driving under the influence, he proximately caused great bodily harm or permanent disability or disfigurement to another person. 625 ILCS 5/11/501(a)(2), (d)(3).

American Union has filed a motion for summary judgment. It argues that it should not be held liable under the policy due to the felony exclusion clause. It asserts that at the time Glass received the injuries necessitating medical care, he was committing a felony. Plaintiff has also filed a motion for summary judgment and argues that because Glass was convicted of a misdemeanor and not a felony, his injuries should not be excluded from coverage under the policy. Defendant Glass has not responded to either summary judgment motion.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir.1987).

The moving party bears the burden of showing both the absence of a genuine issue of material fact and his entitlement to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); Fed.R.Civ.P. 56(c). Once the moving party has met his burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

■ This motion involves interpretation of a contract, a task which is generally for the court. *Realex Chem. Corp. v. S.C. Johnson*

& *Sons, Inc.*, 849 F.2d 299, 302 (8th Cir. 1988). In this case, the insurance policy is governed by ERISA and as a result, ordinary rules of construction under state law are preempted and the policy is to be construed "without deferring to either party's interpretation." *Brewer v. Lincoln Nat'l Life Ins. Co.*, 921 F.2d 150, 153–54 (8th Cir. 1990), *cert. denied*, 501 U.S. 1238, 111 S.Ct. 2872, 115 L.Ed.2d 1038 (1991).

The issue in this case is clear. If the insured's injuries were the result of his commission of a felony, then the felony exclusion applies and the policy does not cover the medical bills claimed by the insured and plaintiff hospital. As discussed above, defendant Glass has admitted the conduct required to constitute a felony under Illinois law. There are no genuine issues of material fact regarding Glass' conduct. Furthermore, the terms of the policy in this case do not require a conviction, and there are too many reasons why a person may not be charged with a crime which have no bearing on his guilt or innocence. *Lampen v. Albert Trostel & Sons Co., Employee Welfare Plan*, 832 F.Supp. 1287 (E.D.Wis.1993). The lines drawn by the Illinois legislature as to what constituted a felony at the time of Glass' conduct are determinative. *Weisenhorn v. Transamerica Occidental Life Ins. Co.*, 769 F.Supp. 302, 306 (D.Minn.1991). Therefore, the Court will grant defendant American Union's motion for summary judgment and deny plaintiff's motion for summary judgment as against American Union.

The Court notes that defendant Glass has admitted that plaintiff SLUH rendered medical services for his benefit totalling $102,372.25. (Def. Glass Answer ¶ 2). The Court will grant plaintiff's motion for summary judgment as against Kevin Glass; however, the Court will award only $102,372.25, not the $117,426.17 requested by plaintiff because defendant Glass admitted only the lower figure. Accordingly,

**IT IS HEREBY ORDERED** that American Union's motion for summary judgment is granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment is grant-ed in part to the extent that judgment is entered in favor of plaintiff against defendant Kevin Glass in the amount $102,372.25 and denied in part to the extent that judgment is entered in favor of defendant American Union as against plaintiff.

