LYNDALE D. McDANIEL, Appellant, *v.* SIERRA HEALTH AND LIFE INSURANCE COMPANY, INC., Respondent.

No. 38008

September 18, 2002                    53 P.3d 904

---

*Peter Toft Combs,* Reno, for Appellant.

*Burton Bartlett & Glogovac,* Reno, for Respondent.

# OPINION

*Per Curiam:*

This appeal arises from the district court's grant of summary judgment to Sierra Health and Life Insurance Company, Inc. (Sierra Health), a California corporation authorized to underwrite insurance in Nevada, which had denied death benefits to the named beneficiary, appellant Lyndale D. McDaniel. McDaniel was listed as the beneficiary of an accidental death benefit policy that David B. Dawson, a resident of Nevada, held with Sierra Health. While driving intoxicated, Dawson failed to negotiate a left turn, allowing his vehicle to drift right, causing it to strike a guardrail and flip over, thereby killing himself and injuring McDaniel, his passenger.[1] Both McDaniel and Sierra Health agree that had Dawson survived the accident, the State of California could have prosecuted him for felonious drunk driving.[2]

---

[1]The parties stipulated below that Dawson died as a result of the accident. However, it is not clear from the record whether Dawson died at the scene of the accident or sometime thereafter.

[2]Because the accident occurred in California, California law applies to determine whether Dawson's conduct was felonious. *See* NRS 484.3795 (stating that this statute only applies to drunk driving incidents that occur within Nevada). An officer of the California Highway Patrol testified that he arrested Dawson for violation of California Vehicle Code Section 23153(b) (West 2000), which states:

> It is unlawful for any person, while having 0.08 percent or more, by weight, of alcohol in his or her blood to drive a vehicle and concurrently do any act forbidden by law, or neglect any duty imposed by law in driving the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver.

Pursuant to Dawson's accidental death benefit policy, McDaniel made a timely request for payment. Sierra Health denied his request, relying on the policy's felony exclusion, which precludes accidental death coverage if the insured dies while committing a felony. McDaniel then filed for declaratory relief from the district court. Both parties moved for summary judgment. The district court initially denied both parties' motions. The parties then submitted a joint motion for reconsideration with a stipulated set of facts. Based upon the stipulated facts, the district court granted Sierra Health's motion for summary judgment and denied McDaniel's motion. This appeal followed. McDaniel does not argue that summary judgment was improper, but only that the district court should have granted summary judgment on his, not Sierra Health's, behalf. We disagree, and affirm the district court's order of summary judgment.

## DISCUSSION

On appeal, McDaniel argues that the policy's felony exclusion does not bar his claim for recovery because: (1) it is ambiguous and must, therefore, be interpreted in his favor; (2) it does not include felonious drunk driving, which is not an intentional crime; and (3) the felony-exclusion provision is not triggered here because Dawson's death was not proximately caused by his felonious drunk driving. We conclude that all of McDaniel's allegations lack merit.

If the insurance policy were ambiguous, we would be required to interpret it narrowly against the insurer.[3] However, the felony exclusion contained in Sierra Health's accidental death benefit policy is not ambiguous. The exclusion plainly states that "[a] loss that is directly or indirectly a result of one of the following is not a Covered Loss even though it was caused by an accidental bodily injury. . . . (6) An attempt to commit, or committing, an assault or felony by the insured." McDaniel argues that this provision is ambiguous as applied here because it is not clear that death from felonious drunk driving would trigger the exclusion. We disagree.

California Vehicle Code Section 23554 provides that a first-time violation of Section 23153 may be punished as either a misdemeanor or a felony. Under California law, an offense that is punishable as either a felony or a misdemeanor is "deemed a felony for all purposes up to the imposition of sentence." *Barker v. California-Western States Life Insurance Co.,* 61 Cal. Rptr. 595, 599 (Ct. App. 1967).

[3]*National Union Fire Ins. v. Reno's Exec. Air,* 100 Nev. 360, 365, 682 P.2d 1380, 1383 (1984).

In interpreting an insurance policy, this court examines the language "from the viewpoint of one not trained in law" or insurance, giving the terms their plain, ordinary, and popular meaning.[4] Contrary to McDaniel's argument, the ordinary meaning of the term "felony" plainly includes felonious drunk driving. Because the felony exclusion is not ambiguous, we review it, like any other contract, as it is written,[5] without giving McDaniel the benefit of the doubt[6] or attempting to effectuate his reasonable expectations.[7]

McDaniel urges this court to follow the Utah Supreme Court's 1988 decision in *LDS Hospital v. Capitol Life Insurance Co.,* which held that drunk driving did not trigger the felony exclusion in Capitol Life's death benefit policy.[8] *LDS Hospital,* however, is both unpersuasive and distinguished from the case at hand.

The policy at issue in *LDS Hospital* suggested that insurance coverage would be denied for an "accidental" injury if it were the result of some intentional act.[9] Here, the policy does not include similar language requiring that the injury resulted from an intentional act. In addition, the list of exclusions in the policy at issue in *LDS Hospital* consisted of acts that all required some element of intent.[10] Again, the exclusions listed in the Sierra Health pol-

---

[4]*Id.* at 364, 682 P.2d at 1382.

[5]*See Farmers Ins. Exchange v. Young,* 108 Nev. 328, 332, 832 P.2d 376, 378 (1992).

[6]*See National Union,* 100 Nev. at 365, 682 P.2d at 1383.

[7]*See Farmers Ins. Exchange,* 108 Nev. at 333 n.3, 832 P.2d at 379 n.3 (holding that the reasonable expectations doctrine only applies if the policy is ambiguous).

[8]765 P.2d 857, 860 (Utah 1988). McDaniel also relies on *Harbeintner v. Crown Life Insurance Co.,* 612 P.2d 334 (Or. Ct. App. 1980), which is distinguishable from this case. In *Harbeintner,* the policy was arguably ambiguous. The policy listed specific exceptions to recovery, including the commission of a felony, but did not specifically state whether an automobile accident was an exception to coverage. *Id.* at 336 n.1. Furthermore, the *Harbeintner* court never discussed whether the underlying offense for which the insurer was excluding coverage was a felony in Oregon. *Id.* at 355. It merely held that the insurer did not clearly define what was and was not a covered accident. *Id.* Here, the Sierra Health policy was very specific and stated that an attempt to commit or committing an assault or felony by the insured was not a covered loss even if it was an accidental bodily injury. Both parties agree that had Dawson survived the accident, California may have prosecuted him for a felony.

[9]The policy at issue in *LDS Hospital* stated that for accidental bodily injuries the insurer would not pay charges "arising out of an attempt at assault or felony." 765 P.2d at 858. Accidental bodily injury was defined as "that which is not intentional and not foreseen." *Id.* at 861.

[10]*Id.* at 861.

icy do not suggest a similar requisite element of intent.[11] As a result, unlike the felony exclusion in the policy considered by the Utah Supreme Court in *LDS Hospital,* the felony exclusion in the Sierra Health policy at issue here applies to all felonies regardless of criminal intent.

In addition, we note that even if the felony exclusion in Sierra Health's accidental death policy were limited to conscious wrong-doings, the exclusion would still apply, as a matter of law, to felonious drunk driving. By statute, felonious drunk driving, in both California and Nevada, does not require criminal intent, but merely driving while intoxicated resulting in serious bodily harm to another.[12] Although the Utah Supreme Court may have been correct that incidents involving drunk driving were commonly regarded as accidents in 1988, when it decided *LDS Hospital,*[13] that conclusion is not accepted by the courts today. Drunk driving is now widely recognized as criminal conduct that is too reckless to be characterized as an "accident."[14]

Courts interpreting exclusionary provisions like the one at issue here have uniformly held that recovery is not limited unless there is some causal connection between the felony and the loss suffered.[15] The parties do not disagree that some causal connection is required, but disagree as to the degree of causal connection necessary to trigger the felony exclusion. A similar disagreement appears to exist between the courts that have considered this question.

On the one hand, some courts apply a narrow "but for" standard, whereby the beneficiary recovers unless the insured's death was proximately related to his or her commission of a felony.[16] Specifically, when the insured's death results from drunk driving,

---

[11]The Sierra Health policy excludes coverage for various injuries that result from non-intentional acts, such as "(1) [a] disease or infirmity of the mind or body," "(2) [p]tomaine or bacterial infection," and "(9) [r]iding or descending from any kind of aircraft."

[12]*See* NRS 484.3795; Cal. Veh. Code § 23153 (West 2000).

[13]765 P.2d at 861.

[14]*See Baker v. Provident Life & Acc. Ins. Co.,* 171 F.3d 939, 942-43 (4th Cir. 1999); *Cozzie v. Metropolitan Life Ins. Co.,* 140 F.3d 1104, 1110 (7th Cir. 1998); *Barnes v. Greater Georgia Life Ins. Co.,* 530 S.E.2d 748, 750 (Ga. Ct. App. 2000).

[15]*See, e.g., Romero v. Volunteer State Life Insurance Company,* 88 Cal. Rptr. 820, 824 (Ct. App. 1970); *Metropolitan Life Ins. Co. v. Goodwin,* 184 S.E. 208, 209 (Va. 1936); 10 Lee R. Russ & Thomas F. Segalla, *Couch on Insurance 3d* § 140:26 (1998); 43 Am. Jur. 2d *Insurance* § 580 (1982).

[16]*See Murdock v. Monumental Life Ins. Co.,* 2 P.3d 963, 965 (Utah Ct. App. 2000); *LDS Hospital,* 765 P.2d at 860; *Penn Mutual Life Insurance Company v. Gibson,* 418 P.2d 50, 52 (Colo. 1966).

which by statute is felonious in this case only because it causes harm to another,[17] the death of the insured is not considered sufficiently related to the felonious conduct, *i.e.,* the harm caused to another, to trigger the felony exclusion.[18] Under this approach, McDaniel would not be barred from recovering for Dawson's death.

However, the majority of courts interpreting felony exclusions have adopted a broader, more comprehensive approach to causation. These courts have applied felony exclusions when the loss is remotely connected to *any* aspect of the insured's felonious conduct.[19] This approach, as opposed to the "but for" approach, looks at the totality of the circumstances, rather than the individual acts comprising the felony.[20]

The Sierra Health policy plainly states that recovery will be barred where the loss is "indirectly or directly a result of" the insured's commission of a felonious act. Here, McDaniel is barred from recovering for Dawson's death. Although Dawson's death did not follow directly from the fact that he injured his passenger, looking at the totality of the circumstances, his death did follow from his commission of felonious drunk driving. We, therefore, conclude that the felony exclusion in Sierra Health's policy bars McDaniel from recovering the accidental death benefit for Dawson's death.

## CONCLUSION

The felony exclusion in Sierra Health's accidental death policy is not ambiguous. It excludes coverage for deaths caused either directly or indirectly from the insured's commission of a felonious act. Driving while intoxicated, if it results in bodily injury to

---

[17]*See* NRS 484.3795; Cal. Veh. Code § 23153 (West 2000). Under both California and Nevada law, drunk driving becomes a felony when it causes some degree of harm to another.

[18]*See Penn Mutual,* 418 P.2d at 51-52.

[19]*See Weisenhorn v. Transamerica Occidental Life Ins.,* 769 F. Supp. 302, 305-06 (D. Minn. 1991); *LDS Hospital,* 765 P.2d at 863 (Howe, J., dissenting) (explaining that *Penn Mutual* is an aberration); *Romero,* 88 Cal. Rptr. at 824 (rejecting the level of causation required by the Colorado Supreme Court in *Penn Mutual*); *John Hancock Mut. Life Ins. Co. v. Long,* 149 S.W.2d 510, 514 (Ky. Ct. App. 1941); *Metropolitan Life,* 184 S.E. at 210; *Runyon v. Western & Southern Life Ins. Co.,* 192 N.E. 882, 883-84 (Ohio Ct. App. 1934); 10 Russ & Segalla, *supra* note 15, § 140:32. McDaniel argues that *Weisenhorn* is not relevant here because the insurance policy in that case was governed by the Employee Retirement Income Security Act of 1974 (ERISA). Although the ordinary rules of construction favoring the insured do not apply to policies governed by ERISA, *Weisenhorn,* 769 F. Supp. at 305, the court's discussion in *Weisenhorn,* specifically rejecting "but for" causation, is nevertheless instructive.

[20]*Weisenhorn,* 769 F. Supp. at 305.

another, is a felony under California law.[21] Here, the parties do not dispute that Dawson injured another passenger and killed himself while driving under the influence of alcohol. He died as a result of his felonious drunk driving. Therefore, under the plain and ordinary language of the felony exclusion in Sierra Health's accidental death policy, McDaniel may not recover accidental death benefits for Dawson's death.

We, therefore, affirm the district court's order granting Sierra Health's motion for summary judgment.

_____

[21]*See* Cal. Veh. Code § 23153 (West 2000).