NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 16 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CAPITOL SPECIALTY INSURANCE CORPORATION, a Wisconsin corporation, as assignee of United Construction Company,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>STEADFAST INSURANCE COMPANY, a Delaware corporation,<br><br>Defendant - Appellee,<br><br>and<br><br>RHP MECHANICAL SYSTEMS, a Nevada corporation,<br><br>Defendant. | No. 24-2314<br><br>D.C. No. 2:20-cv-01382-JCM-MDC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted April 9, 2025
San Francisco, California

Before: SCHROEDER, S.R. THOMAS, and MILLER, Circuit Judges.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

This is a dispute between insurers that arises out of United Construction Company's ("United") installation of defective roofs on two warehouses in Reno, Nevada, known as the Military Road and Milan properties. Appellee Steadfast Insurance Company ("Steadfast") insured United under a contractor's professional liability policy and denied coverage.

During the policy period, United requested that its broker, L/P Insurance Services ("L/P"), provide notice to Steadfast of the problems at Military Road. L/P did not do so until after the policy expired. United sued L/P for professional negligence, and L/P's insurer, Appellant Capitol Specialty Insurance Corporation ("Capitol"), settled the suit in exchange for United's assignment of its claims with respect to the Military Road and Milan properties. Capitol then brought this action against Steadfast for breach of contract, bad faith, and violations of Nevada's Unfair Claims Practices Act.

The district court correctly granted summary judgment to Steadfast on the Military Road claim because United failed to give Steadfast timely notice. On appeal, Capitol contends that notice was timely because earlier, timely notice had been provided on a different project, the Virginia Street project, and the Military Road project should be considered part of the same "Claim." The policy provision on which Capitol relies relates to the limit of policy liability, however, and not to notice. The provision that does apply requires notice within 60 days of the policy's

expiration, and notice of the Military Road claim was not provided within that period.

As to the Milan claim, Steadfast denied coverage because United incurred remediation costs without first obtaining Steadfast's written consent. United's policy required such consent, and it is undisputed that United did not obtain it. Capitol now contends that consent was required only for costs related to "Claim Expenses," and no "Claim" had been made at the time United incurred the remediation costs. The consent requirement is not so limited. It provides that "[n]o costs, charges or related 'Claim Expenses' shall be incurred without [Steadfast's] written consent." That provision meant that United would not cover any costs or charges, or "Claim Expenses" related to those costs or charges, unless it consented before they were incurred. *See McDaniel v. Sierra Health & Life Ins. Co.*, 53 P.3d 904, 906 (Nev. 2002) (instructing that insurance terms must be given their "plain, ordinary, and popular meaning"). The district court therefore correctly granted summary judgment to Steadfast on the breach-of-contract claim regarding the Milan project.

The district court was also correct to grant summary judgment to Steadfast on United's remaining claims because there were no triable issues as to whether Steadfast performed in a manner that was "unfaithful to the purpose of the [policy]," *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 923 (Nev.

3                                                            24-2314

1991), or whether Steadfast committed any of the violations enumerated in Nevada Revised Statutes section 686A.310.

**AFFIRMED.**